UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| FREDRICK E. STRUNK, as Administrator of the Estate of LYNNE G. STRUNK, deceased; on behalf of the Estate of LYNNE GAY STRUNK; and on behalf of FREDRICK E. STRUNK, surviving spouse; and BRIAN P. DONAHUE, surviving adult child, individually,<br><br>                 Plaintiffs,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES [MEDICAL NEGLIGENCE] |

COME NOW THE PLAINTIFFS, by and through their attorneys of record, Otorowski Morrow & Golden, PLLC, and for their causes of action against the defendant allege as follows.

## I.  **IDENTIFICATION OF PLAINTIFFS**

1.1    FREDRICK E. STRUNK, as Administrator of the Estate of LYNNE G. STRUNK. The Plaintiff, Fredrick E. Strunk, brings this action as Administrator of the Estate of Lynne G. Strunk, deceased, in his representative capacity on behalf of the Estate of Lynne G. Strunk, on behalf of Fredrick E. Strunk, surviving spouse, and on behalf of Brian P. Donahue, surviving adult child. Fredrick E. Strunk, was appointed as Administrator of the Estate of Lynne G. Strunk on January 2, 2019 in Pierce County Superior Court, Cause No. 19-4-02150-3. At all times material

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

hereto, Lynne G. Strunk received health care services from United States Army d/b/a Madigan Army Medical Center, and Madigan Endoscopy Center & Gastroenterology Clinic, and their partners, employees, agents and/or ostensible agents, and there existed a fiduciary health care provider-patient relationship between Lynne G. Strunk and defendants. At all times material hereto, deceased, Lynne G. Strunk, resided in Tacoma, Pierce County, WA.

1.2    FREDRICK E. STRUNK, INDIVIDUALLY. At all times material hereto, plaintiff, Fredrick E. Strunk, was the surviving spouse of Lynne G. Strunk, and resided in Tacoma, Pierce County, WA. Fredrick E. Strunk brings his individual claims through Fredrick E. Strunk, as Administrator of the Estate of Lynne G. Strunk.

1.3    BRIAN P. DONAHUE.  At all times material hereto, plaintiff, Brian P. Donahue, was a surviving adult child of Lynne G. Strunk, and resided in Lakewood, Pierce County, WA. Brian P. Donahue brings his claims individually through Fredrick E. Strunk, Administrator of the Estate of Lynne G. Strunk.

## II.  <u>IDENTIFICATION OF DEFENDANT</u>

2.1    UNITED STATES OF AMERICA.  United States of America, is the proper party to this action brought pursuant to statutory provisions of the Federal Tort Claims Act seeking money damages for personal injury and wrongful death caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. Title 28 U.S.C. §§ 1346(b), 1402, 2401(b), 2402, 2671 – 2680, et seq. (hereinafter referred to as "FTCA"). Plaintiffs' allegations herein after are against one or more federal employees who are employed by the United States Army d/b/a Madigan Army Medical Center, and Madigan Endoscopy Center & Gastroenterology Clinic are  "federal agencies" as defined in the FTCA. 28 U.S.C. § 2671.

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 2 of 13

2.2     At all times material hereto, Madigan Army Medical Center was a military hospital under the command of the Army Medical Department of the U.S. Army, formerly known as the Army Medical Service (AMS). Madigan Army Medical Center is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the Department of U.S. Army, at all times material, owned, operated and controlled the healthcare facilities known as Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic in Tacoma, Pierce County, Washington. Defendant United States of America staffed said healthcare facilities and was  authorized to provide healthcare services and treatment to the military personnel and their dependents at home and abroad.

2.3  At all times material hereto, Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic provided health care services and treatment to Lynne G. Strunk, through its partners, employees, agents and/or ostensible agents, including but not limited to Lucas Leonard, M.D. and there existed a fiduciary health care provider-patient relationship between Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic, its partners, employees, agents and/or ostensible agents, and Lynne G. Strunk.

2.5     Upon plaintiffs' information and belief, Lucas Leonard, M.D. was an employee, agent, or ostensible agent of Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic.

### III.   ADMINISTRATIVE PRE-FILING COMPLIANCE

3.1     On December 5, 2019, Claims for Damages on behalf of Fredrick E. Strunk, individually and on behalf of the Estate of Lynn G. Strunk, and Brian P. Donahue individually, pursuant to the FTCA, were submitted to and received by the Office of the Center Judge Advocate.

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 3 of 13

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

3.2    Defendant United States of America has failed to make final disposition of these claims within six months of December 05, 2019.  Therefore, the above-entitled action is timely pursuant to 28 U.S.C. §2675(a).

3.3    Plaintiffs Fredrick Ernest Strunk and Brian Patrick Donahue have satisfied all applicable requirements of 28 U.S.C. §§2401 and 2675.

3.4    On December 5, 2019, pursuant to RCW 4.96 et al., Otorowski Morrow & Golden, PLLC, attorneys for plaintiffs, presented their claims for damages to the designated agents of United States Army d/b/a Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic to receive claims for damages under RCW 4.96.

3.5    On December 6, 2019, Timothy L. Spellman, Attorney-Advisor for the Department of The Army, accepted service of the Claims for Damages for Fredrick Ernest Strunk and Brian Patrick Donahue, on behalf of the United States Army; Lucas Leonard, M.D.; Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic; and on behalf of himself, all designated to receive claims for damages under RCW 4.96.

3.6    More than 61 calendar days have elapsed since the presentment of the Claim for Damages to the designated agents for United States Army and this action against United States Army is timely.

## IV.    JURISDICTION AND VENUE

4.1    This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 4 of 13

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

4.2     The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney Teresa Gorman, Acting United States Attorney for the Western District of Washington by certified mail, return receipt requested at her office:

> U.S. Attorney's Office Western District of Washington
> 700 Stewart Street, Suite 5220
> Seattle, WA 98101-1271

Service is also affected by serving a copy of the Summons and Complaint on Merrick B. Garland, Attorney General of the United States of America, by certified mail, return receipt requested at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

4.3     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and  28 U.S.C. § §1402(b) because the United States of America is a Defendant, the Plaintiffs reside in this district and have their domicile in this district, and no real property is involved in the action. Venue is also proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## V.  **STATEMENT OF THE FACTS**

5.1     Prior to the incidents giving rise to these claims, Lynne Gay Strunk was a 66-year-old woman with myasthenia gravis (hereafter "MG"), chronic kidney disease, COPD, hyperlipidemia and hypothyroidism who complained of dysphagia.  She received her care at Madigan Army Medical Center.   Lynne Strunk lived at home with her husband, able to perform

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

normal activities of daily living.  She was treated with Cellcept (an immunosuppressant) and prednisone for MG.

5.2     On June 2, 2016, a barium swallow test showed: "Esophageal dysmotility with corkscrewing during swallowing and delayed transit likely secondary to patient's myasthenia gravis."

5.3     On November 17, 2016, an upper GI endoscopy or esophagogastroduodenoscopy (hereafter "EGD") was performed at Madigan Army Medical Center and the esophagus was dilated for the EGD procedure using a Savary dilator.

5.4     On November 19, 2017, Mrs. Strunk saw Lucas Leonard, M.D. in the Madigan Endoscopy Center & Gastroenterology Clinic and he arranged for an upper GI endoscopy with dilation as well as colonoscopy for complaints of diarrhea.

5.5     On December 6, 2017 the upper GI endoscopy and dilation were performed first, followed by the colonoscopy.  The endoscopy findings were notable for diffuse esophageal candidiasis.  Mucosal biopsies were taken in the stomach; the exact location was not indicated.

5.6     After returning home from the upper GI endoscopy on December 6, 2017, Mrs. Strunk developed abdominal pain, then dyspnea.

5.7     On December 7, 2017 Mrs. Strunk was taken to the Emergency Department at MultiCare Tacoma General Hospital where she was intubated for respiratory failure and shock. An abdominal CT showed free air and fluid in the peritoneum.  She was taken emergently to surgery where a five cm posterior gastric body "perforation" was identified and surgically repaired. Surgical cultures grew gram negative rods and candida.  Broad spectrum antibiotics including antifungals were administered for two weeks.  She was on the ventilator for three weeks.  MG was treated with her chronic meds as well as IVIG.  Renal function was also impaired.

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

5.8     On January 6, 2018 a follow-up abdominal CT scan was performed that showed several small abdominal fluid collections, the largest of which was about 3 cm.  15 ml of pus was drained by Image-guided percutaneous drainage, or "IR."  Cultures grew candida.  Mrs. Strunk was placed back on antibiotics, including fluconazole.

5.9     On January 20, 2018, IV antifungal medication was changed from fluconazole to micafungin.  She improved and antibiotics were stopped after two weeks.  She was able to be discharged to a skilled nursing facility on January 29, 2018.

5.10     On February 5, 2018, Mrs. Strunk was readmitted to Tacoma General Hospital with hypercalcemia, nausea, vomiting and dehydration.  She was found to be taking both Rocalcitrol and Vitamin D supplements.  These were stopped and her calcium improved, as did her nausea and vomiting.  She was discharged on February 9, 2018.

5.11     On March 6, 2018, Mrs. Strunk returned to the Tacoma General Emergency Department with fever, abdominal pain, nausea and vomiting.  An abdominal CT scan showed inflammatory changes within the peritoneal fat and omentum that were more prominent than on earlier studies.  The ER doctor concluded that this represented infarction of the omentum and sent her back to the skilled nursing facility.

5.12     On March 11, 2018 Mrs. Strunk returned to the Tacoma General Emergency Department with fever.  Mrs. Strunk was given IV Compazine and immediately developed respiratory distress and was intubated.  She was sedated to the point of unresponsiveness and admitted to ICU.  Her D-dimer was elevated, and duplex scans revealed bilateral DVT.  She was anticoagulated.  She could not have CT-A because of a dye allergy so the possibility of PE was not confirmed.  She was treated with heparin, then Xarelto.

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 7 of 13

5.13    Mrs. Strunk was felt to have a flare of MG and was given IVIG.  She was able to be extubated, but then developed CHF.  She was supported with BiPAP and did not require reintubation.  She continued to complain of vomiting.  She had another EGD, once again showing candida esophagitis.  She was treated with fluconazole.  She was given another course of antibiotics when there was persistent fluid collection in the abdomen as well as possible pneumonia.

5.14    On April 4, 2018 Mrs. Strunk was discharged.  Discharge medications included, among others, cipro, flagyl and simvastatin (all drugs than can worsen symptoms of MG.).

5.15    On April 5, 2018 Mrs. Strunk was readmitted with severe diffuse weakness, encephalopathy, dehydration/renal failure, lactic acidosis and pneumonia.  She was initially given IVIG and antibiotics, but became unresponsive.  She was transitioned to comfort care and was transferred to hospice where she passed away on April 14, 2018.

## VI.  LIABILITY AND NEGLIGENCE

6.1    This is an action for professional negligence, medical malpractice, and wrongful death against the defendant brought pursuant to the laws of the United States of America and the state of Washington, to include 28 U.S.C. § 1346, the Federal Tort Claims Act, and RCW 7.70 et seq.

6.2    Plaintiffs hereby notify defendants, The United States of America,  United States Army d/b/a Madigan Army Medical Center, and Madigan Endoscopy Center & Gastroenterology Clinic that they are pleading all theories of recovery and bases for liability available pursuant to law to include negligence, lack of informed consent, and otherwise failure to render the necessary medical care and treatment that Lynne G. Strunk required.

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

6.3     Duty:  Defendant United States of America and its agents, ostensible agents, employees, and assigns had a fiduciary healthcare provider-patient relationship with Lynne G. Strunk. As a result of this healthcare provider-patient relationship, defendant United States of America and its agents, ostensible agents, employees, and assigns owed duties to provide reasonably prudent medical care, including but not limited to, properly, adequately and timely manage, evaluate, monitor, treat, diagnose, intervene, refer and consult regarding Lynne Strunk's upper GI endoscopy with dilation; properly inform Lynne Strunk of material risks to their approach to treatment; properly obtain Lynne Strunk's informed consent to treatment; and otherwise render the necessary care that Lynne Strunk required.

6.4     Defendant United States of America is vicariously liable for the negligent acts and omissions of its agents, ostensible agents, employees, and assigns including nurses, medical assistants, physician assistants, and doctors providing health care treatment to patients on its premises.

6.5     Breach: Defendant United States of America and its agents, ostensible agents, employees, and assigns breached its duties of providing reasonably prudent medical care to Lynne Strunk in one or more of the following respects:

  a.  In failing to timely and properly monitor Lynne Strunk;

  b.  In failing to timely and properly manage Lynne Strunk;

  c.  In failing to timely and properly perform complete and thorough assessments and examinations of Lynne Strunk;

  d.  In failing to timely and properly diagnose Lynne Strunk;

  e.  In failing to timely and properly treat Lynne Strunk;

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

Defendant's failures to provide reasonably prudent medical care to plaintiffs further include, but are not limited to, the following:

i.   <u>Informed Consent for high-risk upper GI endoscopy procedure</u>. Defendant failed to properly inform Mrs. Strunk of the material risks to its approach to treatment and obtain her informed consent to its approach to treatment.  An upper GI endoscopy with dilation was a contraindicated procedure for a patient taking prednisone and Celcef for esophageal dysmotility with corkscrewing during swallowing and myasthenia gravis. Extra care is required of a physician performing an upper GI endoscopy on a patient taking prednisone or Celcef because of the effects these medications have on tissue in the digestive system.

ii.   <u>Lucas Leonard, M.D.</u> In proceeding with the endoscopy and dilation procedure and the failure to adequately perform the procedure on December 6, 2017, Lucas Leonard, M.D. caused the five cm posterior gastric body perforation.  The standard of care required Dr. Lucas to monitor where the upper GI endoscopy wire was located during the procedure; to ensure it was being inserted and placed correctly; and to re-insert the scope following upper GI endoscopy to check for bleeding. Dr. Lucas' failure to recognize and treat the perforation immediately following the upper GI endoscopy procedure was below the standard of care.

iii.   <u>Failure to Monitor, Transfer or Refer.</u>  It was negligent and below the standard of care to discharge Mrs. Strunk following the procedure.  The standard of care required Mrs. Strunk's medical providers at Madigan Endoscopy Center & Gastroenterology Clinic to keep her in the recovery room for post-operative monitoring of her symptoms.

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 10 of 13

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

iv.    Negligent Care. Defendants otherwise failed to render the necessary reasonably prudent health care Lynne G. Strunk required in a manner to be proven at trial.

6.6    At all material times, the employees, agents, or representatives of the United States of America were negligent and caused the injuries sustained by the Plaintiffs.

6.7    As a direct and proximate result of the negligence, recklessness, willfulness, and gross negligence of Defendant's agents, employees, representatives and/or ostensible agents, as described herein, the plaintiff's decedent, Lynne Strunk, suffered severe injuries that ultimately resulted in her death on April 5, 2018.

## VII.   INJURIES AND DAMAGES

7.1    Injuries and Damages of Lynne Strunk: The deviation from the standards of reasonable medical care by Ms. Strunk's providers at Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic caused the chain of events including the causation or exacerbation of the gastrointestinal infections that led to her need for multiple hospital visits, diagnostic testing, transfer to skilled nursing and hospice, and ultimately her untimely death. As a direct and proximate result of the negligence by attending medical providers, employees, and agents of Madigan Army Medical Center and Madigan Endoscopy Center & Gastroenterology Clinic Mrs. Strunk suffered severe and permanent injuries that caused her mental, emotional, and physical pain, suffering, discomfort, anxiety, and stress up to and including her death

7.2    Injuries and Damages of Fredrick E. Strunk: As a direct and proximate result of defendants' negligence and breach of duties, plaintiff, Fredrick E. Strunk, surviving spouse of Lynne Strunk personally experienced mental and emotional distress associated with the chain of events including the causation or exacerbation of the gastrointestinal infections that required multiple hospital visits, diagnostic testing, transfer to skilled nursing and hospice, and ultimately

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

the untimely death of his spouse, Lynne Strunk. As a direct and proximate result of defendants' negligence and breach of duties, Fredrick E. Strunk has also suffered past economic and noneconomic damages and will continue to suffer noneconomic damages including but not limited to loss of consortium; mental and emotional pain, suffering, and distress.

7.3     Injuries and Damages of Brian P. Donahue: As a direct and proximate result of defendants' negligence and breach of duties, plaintiff, Brian P. Donahue, surviving adult child of Lynne G. Strunk personally experienced mental and emotional distress associated with the chain of events including the causation or exacerbation of the gastrointestinal infections that required multiple hospital visits, diagnostic testing, transfer to skilled nursing and hospice, and ultimately the untimely death of his mother, Lynne Strunk. As a direct and proximate result of defendants' negligence and breach of duties, Brian P. Donahue has also suffered noneconomic damages including but not limited to loss of parental consortium; mental and emotional pain, suffering, and distress.

7.4     Damages will be proven at the time of trial and damage amounts will be deemed reasonable and proper as determined by the trier of fact.

## VIII.    LIMITED WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

8.1     Pursuant to RCW 5.60.060(4)(b) and Fed. R. Evid. 501, plaintiffs hereby waive the physician/patient privilege only insofar as necessary to place any and all alleged damages at issue at the time of trial, as might be required by statute or amended statute or case law interpreting the statutes of the state of Washington.  It should be understood that plaintiffs' actions do not constitute a waiver of any of their constitutional rights and that the defendants are not to contact any treating physicians without first notifying counsel for the plaintiffs so they might bring the matter to the attention of the Court and seek appropriate relief, including imposing limitations and restrictions

OTOROWSKI MORROW & GOLDEN, PLLC
ATTORNEYS AT LAW
298 WINSLOW WAY WEST
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 842-1000; (206) 842-0797 Fax

upon any desire or intent by the defendants to contact past or subsequent treating physicians ex parte pursuant to the rule announced in *Loudon v. Mhyre*, 110 Wn.2d 675 (1988); and *Smith v. Orthopedics International, Ltd., P.S.*, 170 Wn.2d 659 (2010). See *Youngs v. PeaceHealth* and *Glover v. State,* 179 Wn.2d 645, 316 P.3d 1035 (2014).

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment against the defendants by way of damages in such amounts as might be proven at the time of trial and decided and determined by the trier of fact as reasonable and just under the evidence, as well as for costs and disbursements herein incurred, and for such other relief as the Court may deem just and equitable.

DATED this 3rd day of May, 2021.

Otorowski Morrow & Golden, PLLC

By: */s/ Jane Morrow*
Jane Morrow, WSBA # 22533
Lara A. Wilcox, WSBA # 43229
298 Winslow Way W.
Bainbridge Island, WA 98110
(206) 842-6891
Email: jm@medilaw.com
           lw@medilaw.com
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES
[MEDICAL NEGLIGENCE]
Page 13 of 13

Otorowski Morrow & Golden, PLLC
Attorneys At Law
298 Winslow Way West
Bainbridge Island, Washington 98110
(206) 842-1000; (206) 842-0797 Fax